(Pleito No. 161.—Fallado en Noviembre 25, 1901.)

## Pérez contra Abreu.

Recurso contra sentencia dictada por la Corte de Distrito de Arecibo.

Sentencia en rebeldía.—Es potestativa la facultad del Tribunal para tener por confeso al litigante que no comparece para absolver posiciones y al que rehusa declarar ó persiste en no responder afirmativa ó negativamente.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y cinco de Noviembre de mil novecientos uno, en el pleito pendiente ante Nos, en virtud de recurso de casación por infracción de ley, seguido en la Corte de Distrito de Arecibo por Don José Domingo Abreu, propietario, vecino de Hatillo, representado y dirigido ante este Tribunal Supremo por el Letrado Don Herminio Díaz Navarro, con la sucesión de Don Eusebio Pérez y Doña Monserrate Rivera, compuesta de sus hijos Don Eusebio, Don Antonio, Doña Monserrate, Doña Asunción, Doña Josefa, Don Pablo y Doña Emilia Pérez y Rivera y Don Eduardo de iguales apellidos, y por muerte de éste sus cuatro menores hijos, de quienes es tutor su abuelo materno Don Felipe Casalduc Colón, como demandados en rebeldía en la primera instancia, aunque en este Tribunal los ha representado y dirigido el Licenciado Don Rafael Palacios Rodríguez, sobre cobro de pesos, intereses y costas.—Resultando: Que Don José Domingo Abreu, en treinta y uno de Mayo del año próximo pasado, presentó escrito de demanda ante la Corte de Distrito de Arecibo, en solicitud de que en juicio declarativo de mayor cuantía, sustanciado en debida forma, se condenase en definitiva á la sucesión de los esposos Don Eusebio Pérez y Doña Monserrate Rivera á que les satisficiesen la suma de dos mil seiscientos veinte y un pesos, setenta centavos moneda corriente, intereses y costas, acompañando á su escrito inicial de demanda, cartas, unas

firmadas por Don Eusebio Pérez y otras que firmó Don Julio A. Grau, por orden de Pérez, de quien es hijo político, y unas notas, derivándose de toda esa documentación las relaciones mercantiles entre ambos y la condición de deudor de Pérez.—Resultando: Que en su oportunidad se dió traslado de dicha demanda á la sucesión demandada y, no habiendo comparecido, por auto de diez y nueve de Julio del año anterior se la declaró rebelde y se tuvo por contestada la demanda.—Resultando: Que en el período oportuno se practicó la prueba que el actor propuso, consistente en declaraciones de testigos, prueba pericial, reconocimiento de libros y posiciones, que debía absolver la sucesión demandada y Don Felipe Casalduc y Colón, en representación de los menores hijos de Don Eduardo Pérez Rivera, y cuyo pliego contiene los siguientes particulares: 1º Ser cierto que reconoce que el timbre y firmas de las cartas que obran á los folios 1, 3, 4, 5, 6, 7, 8, 9, 11 y 13 de autos, y que se le ponen de manifiesto, eran los mismos que usaba su padre Don Eusebio Pérez, de quien el declarante es heredero.— 2º Ser cierto que el que declara y todos los demás herederos que forman la sucesión de Don Eusebio Pérez, estando conformes con la cantidad que en esta demanda se reclama comisionaron primero á Don Julio Grau, y más tarde á Don Manuel Belén Pérez, para que avistándose con Don José Domingo Abreu, trataran de obtener una prórroga para el pago de la adeudada suma.— 3º Ser cierto que Don Manuel Belén Pérez le hizo presente al declarante y demás personas que forman la sucesión, que había obtenido amistosamente la suspensión de este litigio, hasta el mes de Enero último, fecha en que dicha sucesión, por su conducto, ofreció solemnemente pagar la cantidad reclamada, intereses y costas; ofrecimiento que no se ha cumplido.—4º Ser cierto y constarle la legitimidad de la deuda que se reclama en este litigio."—Resultando: Que no obstante las citaciones de ley, con los apercibimientos del caso, no compareció la sucesión demandada, y tramitado

el juicio con arreglo á derecho, se dictó por el Tribunal sentencia en treinta de Abril del corriente año, en que después de algunas consideraciones sobre la prueba de confesión y naturaleza de los contratos, se declara confesa á la sucesión demandada en las posiciones formuladas, y por tanto en la legitimidad de la deuda reclamada, y se la condena á que dentro del quinto día satisfaga al actor la cantidad que reclama, ascendente á dos mil seiscientos veinte y un pesos, setenta centavos, moneda provincial, con más los intereses vencidos y que se venzan, y pago de todas las costas.—Resultando: Que notificada esta sentencia á la sucesión demandada, interpuso recurso de casación por infracción de ley, autorizado por los números 1º, 2º, 3º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1º El artículo 1,221 del Código Civil, porque la confesión sólo puede recaer sobre hechos personales del confesante, y las posiciones se refieren á hechos del causante Don Eusebio Pérez.—2º El mismo artículo citado, porque el confesante ha de tener capacidad legal para absolver posiciones, y reconociéndose por la sentencia que hay menores, éstos no han podido ser declarados confesos.—3º El artículo 596 de la Ley de Enjuiciamiento Civil, porque el llamado á absolver posiciones puede negarse á declarar sobre hechos que no le sean personales, y si se puede negar, no se le puede causar el perjuicio de declararle confeso sobre ellos.—4º El artículo 1,226 del Código Civil, porque éste se refiere á la estimación como confesión de la resistencia de los herederos ó causahabientes á declarar si saben ó no que es del causante la firma de la obligación, pero no se les puede declarar confesos, como se ha hecho, en la legitimidad de la deuda, sobre cuyo punto no venían obligados á declarar, aparte de que en el caso presente no se trata de una obligación escrita.—5º El artículo 1,232 del Código Civil, por indebida aplicación, pues ese precepto claramente expresa que la confesión hace prueba contra su autor, pero aquí no hay autor, porque la sucesión deman-

dada nada ha confesado.—6? El artículo 358 de la Ley de Enjuiciamiento Civil, puesto que la sentencia no es congruente con las pretensiones oportunamente deducidas por los litigantes, porque la demanda se interpuso contra la sucesión, cuyos miembros se designaron por sus nombres, y en la parte dispositiva de la sentencia sólo se nombra sucesión demandada.—7? El mismo artículo citado de la ley procesal, al otorgarse en la sentencia más de lo pedido, pues en la demanda se reclama á la sucesión la suma de dos mil seiscientos veinte y un pesos, setenta centavos, moneda provincial, y la sentencia condena al pago de dos mil seiscientos veinte y dos pesos setenta centavos.—8? Error de derecho en la apreciación de la prueba de la confesión, con infracción del artículo 592 de la Ley de Enjuiciamiento Civil, por aplicarse esa disposición como único fundamento para la condena, cuando han debido tenerse presente los demás particulares de prueba, para formar juicio exacto de conciencia sobre la cuestión planteada por el actor.— Resultando: Que la representación de la parte recurrida impugnó el recurso en el acto de la vista.—Visto: Siendo Ponente el Juez Asociado Don José M.ª Figueras Chiqués.— Considerando: Que es potestativa la facultad á que se refiere el artícule 592 de la Ley de Enjuiciamiento Civil, á tenor de la cual puede ser tenido por confeso el litigante que no comparece para absolver posiciones, y el que rehusa declarar ó persiste en no responder afirmativa ó negativamente.—Considerando: Que es improcedente el recurso por los motivos 1?, 2?, 3?, 4? y 5?, puesto que como ya se reconoce por el recurrente, no se trata aquí de una obligación suscrita por el causante, y por tal razón no es de aplicación el artículo 1,226 del Código Civil, y por otra parte las posiciones se refieren á hechos personales de la sucesión demandada, porque se dirigían á obtener la confesión de que la firma y timbre de las cartas eran los que usaba su causante Don Eusebio Pérez, la de las gestiones de la misma sucesión demandada para obtener una prórroga para el pago

de la suma adeudada, la de la conformidad de dicha sucesión con la suspensión del litigio hasta Enero del año anterior, fecha en que pagarían la cantidad reclamada y, por último, la de que la deuda era legítima, particulares todas personales de la sucesión demandada, que tenía por otra parte capacidad legal para hacer la confesión que se exigía, porque á los menores se les citó en su representante legal Don Felipe Casalduc y Colón, por cuya razón el Tribunal sentenciador, lejos de infringir los artículos 1,231 y 1,232 del Código Civil, los entendió rectamente, tanto más cuanto que de haber concurrido la sucesión demandada al llamamiento judicial pudo hacer uso, si lo creía necesario, del derecho que le concede el artículo 586 de la Ley de Enjuiciamiento Civil, con aquellas preguntas que juzgare que no eran personales de la sucesión.—Considerando: Que tampoco se incurre en la incongruencia que se supone en los motivos 6.º y 7.º, pues si en el encabezamiento de la sentencia se expresan individualmente todos los que componen la sucesión de Don Eusebio Pérez y Doña Monserrate Rivera, al hablar en la parte dispositiva de la sucesión demandada, por modo claro se comprende que aquellos individuos antes reseñados son los que deben satisfacer la deuda reclamada en la demanda, que fué de dos mil seiscientos veinte y un pesos, setenta centavos, de moneda provincial, que es la misma suma á que la parte dispositiva del fallo recurrido se refiere, y por tal razón tampoco se ha otorgado más de lo pedido, como se afirma en el recurso.—Considerando: Que tampoco es procedente el recurso por el octavo, porque se funda el error de derecho en la apreciación de la prueba de la confesión, y se cita como infringido un artículo de la ley procesal que en nada se refiere al valor probatorio que deba darse á este género de pruebas, cuyo valor se determina por el artículo 579 de la Ley de Enjuiciamiento Civil, y por el 1,232 del Código Civil, que no se citan como infringidos.—Considerando: Por lo expuesto, que es improcedente el recurso.—Fallamos: Que debemos declarar y declaramos

no haber lugar al recurso de casación por infracción de ley interpuesto por la sucesión de Don Eusebio Pérez y de Doña Monserrate Rivera, á quien condenamos en las costas del recurso; y líbrese al Tribunal de Arecibo la oportuna certificación, con devolución de los autos, á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y cinco de Noviembre de mil novecientos uno.—E. de J. López Gaztambide, *Secretario.*